34  63<br/>143  31

GEORGE R. BISSELL, Appellant, *v.* DAVID RODEN *et al.,* Respondents.

*Action—Contract.*—Sub-contractors, not contracting with the owner of a building, but with the person with whom the owner agreed for the construction, are not liable to the owner in an action for negligently and unskilfully doing their work, by which the owner is injured.  There is no privity of contract.  The action must be brought against the principal contractor.

*Appeal from St. Louis Law Commissioner's Court.*

*Bryan,* for appellant.

The declaration of law by the Law Commissioner implies either that no liability exists on the part of respondents, unless there were a contract with appellant; or if there be such liability, they are exonerated therefrom by having been engaged or hired by Birch & Cooper.   Was any contract with appellant necessary to make respondents liable for damages occasioned by them?

In Whitfield v. Lord Despenser, Cowp., 754, Lord Mansfield, in giving the decision, says, " As to an action on the case lying against the party really offending, there can be no doubt of it; for, whoever does an act by which another person receives an injury is liable in an action for the injury sustained."

In Chit. Plead. ($\frac{152}{135}$), it is laid down, "For any misfeasance by a party, in a trade in which he professes, the law gives an action upon the case to the party grieved against him." (1 Sand. 312, a. & n. 2.) And it seems that though there be an express contract, still if a common law liability results from the facts, the party may be sued in tort for any neglect or misfeasance in the execution of the contract. (Langridge v. Levy, 2 M. & W. 519; Leslie v. Wilson, 6 Moore, 415; Kinbyside v. Thornton, 2 W. Black. 111; 1 Mo. 430 & 643; 13 Mo. 99.)

In Bacon's Ab., title Action, on the case (b.) it is laid down, (and this case is taken from the Year Books, and though cited frequently in treatises since that time, has never, we believe, been questioned), "If I deliver my horse to a smith to shoe and he delivers him to another smith, who pricks him, I may have an action on the case against him, though I did not deliver the horse to him." And, under the same head, "If one slanders my title, whereby I am wrongfully disturbed in my possession, I have a remedy against the trespasser; yet I may have an action against him that caused the disturbance." And, in Roll. Ab. 90, "If I deliver goods to A., who delivers them to B. to keep to the use of A., and B. waste them, I may have an action upon the case against B., though I did not deliver them to him.

In Stone et al. v. Cartwright, 6 S. R. 411, it was held that no action lies against a steward, manager or agent for damages done by the negligence of those employed by him in the service of his principal, but the principal or those actually employed are only liable. Per Lord Kenyon, C. J.: "In all these cases, I have ever understood that the action must either be brought against the *hand* committing the injury or against the *owner* for whom the act was done." In Stephens v. Elwell, 4 Maule & Sel. 259, it was held that a servant may be charged in trover, although the act of conversion be done by him for the benefit of his master. (Stort v. Clemens, Peake's N. P. cases, 144; Knight v. Fox & Henderson, 1 Law & Eq. 447; Moreton v. Hardern et al., 6 Dow. & Ry.

223 ; Wille v. Hayne, 2 Dow. & Ry. 33 ; Morgan v. Bowman, 22 Mo. 538 ; Barry v. City of St. Louis, 17 Mo. 121.)

*Farish*, for respondents.

DRYDEN, Judge, delivered the opinion of the court.

This was a suit, originating before a justice of the peace, to recover damages suffered by the plaintiff by reason of the break of a waterpipe built into the upper part of his dwelling house, and the consequent flow of water through the house, and upon his furniture, injuring both. The case was tried by appeal to the Law Commissioner's Court, where a trial anew was had, resulting in a verdict and judgment for defendants, from which plaintiff has appealed to this court.

The evidence on the trial disclosed the following facts : The plaintiff employed Birch & Cooper, a firm of master builders in St. Louis, to build him a dwelling-house complete, and Birch & Cooper, for themselves, and not for the plaintiff, employed the defendants, who were plumbers by profession, to do the plumbing work required to be done in the building. That, after the completion of the house, and the plaintiff had entered into possession, the water in one of the pipes put in by the defendants froze, because of the defective drainage, as alleged, and burst the pipe, thus occasioning the flow of water through the house and upon the plaintiff's furniture. At the conclusion of the evidence, the court, at the instance of the defendants, gave the following declaration of the law as applicable to the case, viz :

" Although the court should believe from the evidence that the damage complained of occurred through the unskilful or unworkmanlike manner in which the plumbing was performed by the defendants, yet if said defendants were not employed by the plaintiff to do said work, but were engaged or hired by said Birch & Cooper, who were original contractors with the plaintiff for the erection and total construction of the building, then the plaintiff cannot recover against defendants for any such damage."

HARVARD LAW SCHOOL LIBRARY

The giving of this instruction is the only error complained of in the case.

The theory of the instruction is that as there was no privity between the plaintiff and the defendants, and as the act complained of was not a direct, positive wrong, but a mere neglect of the defendants, they were not liable to the plaintiff; but if liable at all, alone to their superiors, Birch & Cooper.

Mr. Story, in discussing the liability of agents for torts, in his work on Agency, § 308, says: " The law upon this subject, as to principals and agents, is founded upon the same analogies as exist in the case of masters and servants. The master is always liable to third persons for the misfeasances and negligences, and omissions of duty of his servant, in all cases within the scope of his employment. So the principal, in like manner, is liable to third persons for the like misfeasances, negligences and omissions of duty of his agent, leaving him to his remedy over against the agent in all cases where the tort is of such a nature as that he is entitled to compensation." * * * * " The agent is also personally liable to third persons for his own misfeasances and positive wrongs. But he is not in general (for there are exceptions) liable to third persons for his own nonfeasances or omissions of duty in the course of his employment. His liability in these latter cases is solely to his principal, there being no privity between him and such third persons; but the privity exists only between him and his principal, and hence the general maxim as to all such negligences and omissions of duty, is, in cases of private agency, *respondeat superior*." * * * § 309. " The distinction thus propounded between misfeasance and nonfeasance, between acts of direct, positive wrong and mere neglects by agents, as to their personal liability therefor, may seem nice and artificial, and partakes perhaps not a little of the subtlety and overrefinment of the old doctrines of the common law. It seems, however, to be founded upon this ground, that no authority whatsoever from a superior can furnish to any party a just defence for his own positive torts or trespasses; for no man can authorize another to do a pos-

itive wrong. But in respect to nonfeasances, or mere neglects in the performance of duty, the responsibility therefor must arise from some express or implied obligation between particular parties standing in privity of law or contract with each other; and no man is bound to answer for any such violation of duty or obligation except to those to whom he has become directly bound or amenable for his conduct. Whether the distinction be satisfactory or not, it is well established; although some niceties and difficulties occasionally occur in its practical application to particular cases."

The learned author then proceeds to give the following, among other illustrations, of the doctrine of the text: "If the servant of a blacksmith so negligently conducts himself in shoeing a horse that the horse is consequently injured, or afterwards becomes lame, the master, and not the servant, will be liable for the negligent injury; but if the servant, in shoeing the horse, has pricked him, or has maliciously or wantonly lamed him, an action will lie personally against the servant himself."

The case at bar comes within the principle laid down in this authority, which exempts the agent or servant from liability to a stranger. The Law Commissioner, therefore, committed no error in giving the law of the case.

Let the judgment be affirmed. The other judges concur.